UNITED STATES STEEL CORPORATION, REPUBLIC STEEL CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS, AND COMPANHIA SIDERURGICA PAULISTA (COSIPA) AND USINA SIDERURGICAS DE MINAS GERAIS (USIMINAS), ET AL., DEFENDANTS-INTERVENORS

Consolidated Court No. 82–10–01361

Before WATSON, *Judge.*

70

(Decided July 28, 1983)

*Law Department of United States Steel Corporation (D. G. King, J. J. Mangan, C. D. Mallick, L. Ranney* and *P. J. Koenig* of counsel) for plaintiff United States Steel Corporation.

*Cravath, Swaine & Moore (Joseph R. Sahid* and *Steven Schulman* of counsel) for plaintiffs, Republic Steel Corporation, Inland Steel Company, Jones & Laughlin Steel Incorporated, National Steel Corporation, and Cyclops Corporation.

J. Paul McGrath, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch *(Francis J. Sailer,* attorney, Commercial Litigation Branch) for the federal defendants.

*Wald, Harkrader & Ross William H. Barringer, Christopher A. Dunn* and *Arthur J. Lafave III* of counsel) for defendants-intervenors COSIPA and USIMINAS.

WATSON, *Judge:* In this judicial review the government has moved for a remand for forty-five days to allow the International Trade Administration of the Department of Commerce (ITA) to state and explain its determination as to the creditworthiness of the South African Iron and Steel Industrial Corporation (ISCOR), and two Brazilian steel producers, Companhia Siderurgica Paulista (COSIPA) and Usinas Siderurgicas de Minas Gerais S.A. (USIMINAS).

The issue of creditworthiness is one of the major issues in this judicial review, in which the Court has, for reasons of efficiency, provided for the briefing of various issues in stages. The creditworthiness issue relates to the determinations made that certrain loans to ISCOR, COSIPA and USIMINAS did not provide subsidies.[1] Although the ITA developed a methodology for determining creditworthines in Appendix 2 to its determination on steel from Belgium (47 Fed. Reg. 39, 316–39, 318 (1982)) and incorporated that appendix into its determinations regarding ISCOR, COSIPA and USIMINAS, it did not say anything about whether these companies were creditworthy. The detemination that certain loans were not subsidies was generally based on a finding that the interest rates were not preferential.

The request for remand comes after two extensions of time to file its brief on creditworthiness and after briefs on that subject have been filed by plaintiffs as well as by two *amici curiae*, namely, the Federal Trade Commission, and a group of European steel producers.[2]

It is first apparent that we do not have a completely unintelligible or unexplained administrative determination that these loans were not subsidies. If there is a flaw here, it may be in the failure to state and explain a subsidiary justification for the meaningfulness of the finding that the interest rates were not preferential. In this line of analysis the preliminary justification for engaging in

---

[1] The determinations were made in countervailing duty investigations of carbon steel plate from Brazil and certain steel products from South Africa. With respect to Brazil, notice of the suspension of the investigation was published at 47 Fed Reg. 39,394 (Sept. 7, 1982) and the final determination was published at 48 Fed Reg. 2,568 (Jan. 20, 1983). With respect to South Africa the final determination was published at 47 Fed. Reg. 39,379 (Sept. 7, 1982).

[2] Sacilor; Forges De Clabecq, S.A.; British Steel Corp.; Hoogovens Groep BV; and Usinor.

interest rate comparisons would be that the companies were credit-worthy to begin with. Otherwise comparisons using the interest rates they pay might be pointless.

This possible line of reasoning in the judicial review might require a remand. But, the Court sees no particular advantage to making the remand now and it sees a number of disadvantages. First, other results are possible based on arguments being made which might either not require a remand or would require a different sort of remand. Second, the very fact that the remand is at best offered to clear up only one possible future development and requires the Court to engage in an analysis of possible alternative future developments indicates that it is not essential to the conduct of meaningful judicial review. Third, the Court does not want to encourage the disruption of the review at this late date for reasons which might have been perceived and expressed earlier. Fourth, the advantage of such a remand to the overall efficient disposition of this action is not clear.

For these reasons the government's motion for remand is DENIED.